IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROL JOHNSON, | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. _____ |
| SIMON PROPERTY GROUP, INC., and SIMON PROPERTY GROUP, L.P., | |
| **Defendants.** | |

## COMPLAINT

Plaintiff Carol Johnson, by and through her attorneys, herein asserts a claim against Defendants Simon Property Group, Inc. and Simon Property Group, L.P. for due but unpaid overtime wages, showing the Court as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq*., Plaintiff Johnson seeks to recover unpaid overtime wages from her former employers.

## Jurisdiction and Venue

### 2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## Parties

### 4.

Plaintiff Carol Johnson (hereinafter "Johnson") is a natural person and former employee of Defendants, having been employed from at least three years prior to the filing of this action until April 22, 2016 (hereinafter "the Relevant Time Period").

### 5.

Defendant Simon Property Group, Inc. (hereinafter "SPG") is a foreign corporation existing under the laws of the State of Delaware. SPG conducts business in the State of Georgia is subject to the jurisdiction of this Court by virtue of its ongoing business activities in this State. SPC may be served with process via service on its

registered agent for service The Corporation Trust Company, located at

Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6.

Defendant SPG is subject to the personal jurisdiction of this Court.

7.

Defendant Simon Property Group, L.P. (hereinafter "SPG, L.P.") is a foreign

corporation existing under the laws of the State of Delaware. SPG, L.P. conducts

business in the State of Georgia is subject to the jurisdiction of this Court by virtue

of its ongoing business activities in this State. SPG, L.P. may be served with

process via service on its registered agent for service, Corporation Service

Company, located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

8.

Defendant SPG, L.P. is subject to the personal jurisdiction of this Court.

**Factual Allegations**

9.

Defendants jointly own and operate a business enterprise known as Simon Property

Group.

10.

Simon Property Group is an international commercial real estate company, which—*inter alia*—manages dozens of retail shopping malls across the U.S.

11.

Johnson was formerly employed as a Guest Services Manager at two of Defendants' Atlanta, Georgia shopping malls—Phipps Plaza and Lenox Square.

12.

Defendant SPG, L.P. administers payroll for Defendant SPG and is the entity that purported to employ Johnson.

13.

Defendant SPG's revenues were the source of funds used by Defendant SPG, L.P. to pay Johnson's wages.

14.

Johnson's work as a Guest Services Manager contributed to the revenues of Defendant SPG, rather than Defendant SPG, L.P.

15.

Defendant SPG owns the physical premises on which Johnson worked.

16.

At all times during the Relevant Time Period, Johnson's primary duty was the performance of non-exempt duties such as assisting mall customers, selling gift cards, and delivering gift card purchases to customers.

17.

For more than 30 hours a week, Johnson worked at a customer service booth alone, when no Guest Services Representatives were working, and performed the same work that would normally be performed by Guest Services Representatives.

18.

At all times material hereto, the position of Guest Services Manager required no special skills, training, or knowledge.

19.

At all times material hereto, the position of Guest Services Manager did not require a college degree, licensing, certification, or special training.

20.

As a Guest Services Manager, Johnson did not supervise or manage two or more full time employees or their equivalent at all times during the Relevant Time Period.

21.

During the Relevant Time Period, Defendant SPG was an "employer" of Johnson as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

22.

During the Relevant Time Period, Defendant SPG, L.P. was an "employer" of Johnson as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

23.

Throughout the Relevant Time Period, Defendant SPG was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

In 2013, Defendant SPG had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

In 2013, Defendant SPG had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

In 2013, Defendant SPG had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

In 2014, Defendant SPG had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

In 2014, Defendant SPG had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

In 2014, Defendant SPG had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

In 2015, Defendant SPG had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

31.

In 2015, Defendant SPG had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

In 2015, Defendant SPG had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

In 2016, Defendant SPG had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

34.

In 2016, Defendant SPG had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

35.

In 2016, Defendant SPG had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

Throughout the Relevant Time Period, Defendant SPG, L.P. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

37.

In 2013, Defendant SPG, L.P. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

38.

In 2013, Defendant SPG, L.P. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

39.

In 2013, Defendant SPG, L.P. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

In 2014, Defendant SPG, L.P. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

41.

In 2014, Defendant SPG, L.P. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

42.

In 2014, Defendant SPG, L.P. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

43.

In 2015, Defendant SPG, L.P. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

44.

In 2015, Defendant SPG, L.P. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

45.

In 2015, Defendant SPG, L.P. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

46.

In 2016, Defendant SPG, L.P. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

47.

In 2016, Defendant SPG, L.P. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

48.

In 2016, Defendant SPG, L.P. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

49.

At all times during the Relevant Time Period, Johnson, in her role as a Guest Services Manager, was an "employee" of Defendant SPG as defined in 29 U.S.C. § 203(e)(1).

50.

At all times during the Relevant Time Period, Johnson, in her role as a Guest Services Manager, was an "employee" of Defendant SPG, L.P. as defined in 29 U.S.C. § 203(e)(1).

51.

At all times during the Relevant Time Period, Johnson was not exempt from the

maximum hour requirements of the FLSA by reason of any exemption.

52.

At all times during the Relevant Time Period, Johnson was not employed in a bona

fide professional capacity within the meaning of 29 USC § 213(a).

53.

At all times during the Relevant Time Period, Johnson was not employed in a bona

fide administrative capacity within the meaning of 29 USC § 213(a).

54.

At all times during the Relevant Time Period, Johnson was not employed in a bona

fide executive capacity within the meaning of 29 USC § 213(a).

55.

At all times during the Relevant Time Period, Defendants failed to meet the

requirements for any of the exemptions from application of the overtime wage

requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

56.

At all times during the Relevant Time Period, the Fair Labor Standards Act required Defendants to compensate Johnson at time and one half of her regular rate for all hours worked in excess of forty (40) in any given workweek.

57.

Defendants knew or should have known that Johnson was not exempt from the overtime pay requirements of the FLSA when they misclassified her as exempt.

58.

Upon information and belief, Defendants did not rely on any written administrative interpretation from the Administrator of the Wage and Hour Division of the U.S. Department of Labor in connection with their decision to classify Johnson as exempt from the FLSA's maximum hour requirements.

59.

Upon information and belief, Defendants did not rely on any legal advice in connection with their decision to classify Johnson as exempt from the FLSA's maximum hour requirements.

60.

Defendants have failed to adequately compensate Johnson at the legally required rate of time and one half of her regular rate for all hours worked in excess of forty (40) in any and every given workweek.

61.

Defendants are liable to Johnson for compensation for any and all time worked over forty (40) hours per week at the rate of one-and-one-half times her regular hourly rate.

62.

Defendants' conduct constitutes a willful violation of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Johnson to all relief afforded under the FLSA, including application of a 3-year statute of limitations, an award of liquidated damages, and attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216.

### COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

63.

The foregoing paragraphs are incorporated herein by this reference.

64.

Throughout her employment by Defendants, Johnson regularly worked in excess of forty (40) hours per week.

65.

At all times material hereto, Johnson was not exempt from the maximum hour requirements of the FLSA.

66.

As a result, Defendants were legally required to pay Johnson at the rate of one-and-one-half times her regular rate for all hours worked in excess of forty (40) in each workweek.

67.

Defendants failed to adequately compensate Johnson at the legally required overtime rate for all work hours over forty (40) in any and every given workweek.

68.

Defendants' failure to compensate Johnson at the overtime rate of time and one half of her regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation was willful and gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, prejudgment interest to the extent

that liquidated damages are not awarded, nominal damages, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)   Take jurisdiction of this matter;

(b)   Issue an Order holding each of the Defendants to be Plaintiff's "employer" as that term is defined under the FLSA;

(c)   Grant a trial by jury as to all matters properly triable to a jury;

(d)   Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)   Award Plaintiff proper payment for each overtime hour worked during the three years prior to the filing of this action, and liquidated damages equaling 100% of the unpaid overtime wages due to Plaintiff, as required by the FLSA;

(f)   Award Plaintiff prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(g)   Award Plaintiff her reasonable attorney's fees and costs of litigation; and

(i)   Award any and such other further relief this Court deems just, equitable and proper.

This 12th day of September 2016.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*/s/ Matthew W. Herrington*

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

ATTORNEYS FOR PLAINTIFF