IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROL JOHNSON,<br><br>        **Plaintiff,**<br><br>    **vs.**<br><br>SIMON PROPERTY GROUP, INC., and<br>SIMON PROPERTY GROUP, L.P.,<br><br>      **Defendants.** | Civil Action No. 1:16-cv-03429-AT |

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR APPROVAL OF SETTLEMENT**

---

## I.  INTRODUCTION

Following an investigation, exchange of discovery, and arms-length negotiations Plaintiff Carol Johnson ("Plaintiff") and Defendants Simon Property Group, Inc. and Simon Property Group, L.P. (together "Defendants") have agreed, subject to Court approval, to resolve this wage and hour lawsuit. The settlement satisfies the criteria for approval of a Fair Labor Standards Act ("FLSA") settlement because it resolves a *bona fide* dispute, was the result of arm's-length settlement negotiations conducted by counsel well-versed in wage and hour law, and is fair, reasonable, and adequate.

Accordingly, Plaintiff respectfully requests that the Court enter the proposed Order of Approval of Settlement ("Approval Order") set forth in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached as Attachment A to the Declaration of Matthew Herrington ("Herrington Dec."), attached as Exhibit 1 to this Motion.  For the Court's convenience, a Proposed Order is attached as Exhibit 2 to this Motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Dispute

Plaintiff is a former employee of Simon Property Group, L.P. ("SPG, L.P."), who worked as a Guest Services Manager ("GSM") at Phipps Plaza and Lenox Mall.[1] Plaintiff contends in her lawsuit that she was also an employee of Simon Property Group, Inc. ("SPG, Inc."), which both Defendants deny.

Plaintiff filed this action alleging that SPG, Inc. and SPG, L.P. violated the FLSA by improperly classifying her as exempt from federal and state overtime requirements and failing to pay her overtime wages. *See* Dkt. 1 (Complaint). Plaintiff contends that her position of GSM was misclassified as exempt from the overtime provisions of the FLSA in that her primary duties were non-managerial.

---

[1] Plaintiff ceased to be employed by SPG, L.P. on April 23, 2016, signing a Separation Agreement and General Release in favor of SPG, L.P. on April 25, 2016.

Plaintiff further contends that she was not responsible for supervising the equivalent of two (2) or more full-time employees at all times during her employment, as required to meet the FLSA's executive exemption. Defendants, however, contend *inter alia* that Plaintiff's position was properly classified under the administrative and executive exemptions. *See* Dkt. 10 (Answer). Defendants further contend that even if Plaintiff were to prove her primary duties were the performance of non-exempt work, Plaintiff did not work significant overtime hours, and therefore, her damages would be minimal (*i.e.*, less than the proposed settlement).

**B.**     **Overview of Litigation and Settlement Negotiations**

Plaintiff's Counsel conducted a pre-suit investigation into the merits of Plaintiff's claims and Defendants' defenses, and obtained and reviewed documents from Plaintiff. *Id.* at ¶ 11. Plaintiff filed this action on September 12, 2016. (Dkt. 1). The parties proceeded with discovery, which included document requests, requests for admissions, and interrogatories to Defendant. (Dkt. 21, 22, 23). Defendants responded to Plaintiff's discovery requests, including significant document production. *Id.* at ¶ 11.

Plaintiff's Counsel conducted detailed damage calculations on behalf of the Plaintiff to prepare a settlement demand. *Id.* at ¶ 12. These calculations were shared with defense counsel. *Id.* at ¶ 12.

### III.   THE SETTLEMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED

The proposed settlement reflects a reasonable compromise of the parties' claims and defenses and easily meets the reasonableness standard required for approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). The settlement was the result of extensive arm's-length negotiations between experienced counsel. Recognizing the uncertain legal and factual issues involved, the parties reached the settlement pending before the Court.

The proposed settlement amount of $14,000 gross—$6,000 to Plaintiff and $8,000 in attorney's fees and costs—set forth in the accompanying agreement is appropriate in light of the considerable risk that the Plaintiff faces in this case and in light of the attorney time and costs expended on this litigation. Plaintiff's counsel calculated potential overtime due to Plaintiff of $7,336, assuming 7 hours of overtime each week over 131 weeks from September 12, 2013 through April 22, 2016. Defense counsel has taken the position that Plaintiff's estimates of her overtime hours—and thus her damages—are significantly inflated, even assuming that overtime payments are due. Further, Defendants contend that they classified

4

GSMs based on careful review and periodically reviewed the duties of GSMs to determine whether the exempt classification continued to be appropriate, and therefore have strong defenses to avoid the imposition of liquidated damages and the application of a three-year statute of limitations.

In order to facilitate settlement, Plaintiff's counsel have waived one third of their approximately $12,000 total fees and costs incurred to date, as well as a provision in their retainer agreement with Plaintiff to retain 25% of liquidated damages in exchange for advancing the costs of litigation.

Finally, in *Jeffrey Hall and Meagin Lewis, on behalf of themselves and all others similarly situated, v. Simon Property Group, Inc. and Simon Property Group, L.P.*, filed in the United States District Court for the Southern District of Indiana, Cause No. 1:16-cv-1453-SEB-DML, the federal district court for the Northern District of Indiana approved the settlement of collective action claims on a class-wide basis for the same GSM position and allegations.  Plaintiff will not participate in that settlement, choosing instead the higher settlement amount reached in this action.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court issue an order substantially similar to the Proposed Order attached hereto

approving the settlement as set forth, including the itemized allocation for

reasonable attorney fees.

Dated: April 17, 2017.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLL**

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA  30303
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiff

## CERTIFICATION OF COMPLIANCE

I certify pursuant to Local Rule 7.1(D) that this motion was prepared in Times

New Roman, 14 point font, in compliance with LR 5.1(C) NDGa.

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411